## Talcott, Appellant, *v.* Oppenheimer.

*Judgment—Marking to use—Attorney—Authority—Practice—Review.*

Plaintiff's attorney marked a judgment in plaintiff's favor to the use of another person.   Plaintiff took a rule to strike off the marking of the judgment to use, on the ground that the attorney had no authority to take such action.   Depositions were taken by both sides, and after argument the rule was discharged.   Subsequently the use plaintiff satisfied the judgment of record.   Plaintiff then took a rule to strike off the satisfaction, which rule, after hearing, was discharged.   Plaintiff then petitioned for an issue, but the court dismissed his petition.   Plaintiff then appealed to the Supreme Court, assigning as error the discharge of his two rules, and the refusal of an issue, but he did not print in his paper-book the record relating to the first rule.   *Held*, that the record was incomplete, and that the judgment should be affirmed, without prejudice to plaintiff's right to appeal from the order discharging the first rule.

Argued Jan. 11, 1894.   Appeal, No. 62, Jan. T., 1894, by plaintiff, James Talcott, from judgment of C. P. No. 3, Phila. Co., March T., 1880, No. 613, discharging rules to strike off marking judgment to use and satisfaction of judgment, and dismissing petition for issue.   Before STERRETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.

Rules to strike off decrees marking judgment to use and entering satisfaction of judgment; and petition for issue.

From the record it appeared that on Feb. 10, 1891, W. W. Ledyard, attorney for plaintiff, marked the judgment to the use of Jacob Singer. On Oct. 1, 1892, plaintiff, alleging that his attorney had no authority to take such action, obtained a rule to strike off the marking of the judgment to use. On March 6, 1893, the court, after hearing on depositions, discharged this rule. On April 3, 1893, Jacob Singer satisfied the judgment of record. On April 25, 1893, plaintiff obtained a rule to strike off satisfaction. This rule the court subsequently discharged. Plaintiff then filed a petition for an issue, but the petition was dismissed by the court. Defendant then appealed to the Supreme Court. Appellant did not print in his paper-book the record relating to the rule to strike off the marking of the judgment to use.

*Errors assigned* were the action of the court: (1) in discharging plaintiff's rule to strike off the marking of the judgment to use of Singer; (2) in not striking off the marking of the judgment to use of Singer, and making plaintiff's rule absolute; (3) in discharging plaintiff's rule to strike off satisfaction of judgment entered of record by Singer; (4) in not ordering satisfaction of the judgment entered of record by Singer stricken off, and making plaintiff's rule absolute; (5) in not striking off satisfaction of judgment because plaintiff had prior thereto issued a scire facias to revive the judgment; (6) in discharging plaintiff's rule for an issue; (7) in not awarding an issue to determine whether the judgment was marked to the use of Singer by order and authority of plaintiff, or whether such marking to use was without his authority and consent, as prayed for by plaintiff in his petition.

*J. F. Freeman, John F. Keator* with him, for appellant, cited: Stackhouse v. O'Hara, 14 Pa. 88; Campbell's Ap., 29 Pa. 401; Stokely v. Robinson, 34 Pa. 315; Housensick v. Miller, 93 Pa. 514; Kirk's Ap., 87 Pa. 243; Brockley v. Brockley, 122 Pa. 1; Mackey's Heirs v. Adair, 99 Pa. 143; Township of North Whitehall v. Keller, 100 Pa. 105; Rowland v. Slate & Moyer, 58 Pa. 196; Horner v. Hower, 39 Pa. 126; Felt v. Cook, 95 Pa. 247; Riddle's Ap., 104 Pa. 171.

*Jacob Singer, Emanuel Furth* with him, for appellee.

PER CURIAM, January 22, 1894:

If it be true, as alleged by plaintiff, that his attorney of record had no authority from him to sell the debt in judgment, in this case, and mark the same to the use of Mr. Singer, he was entitled to the relief contemplated by his rule of October 1, 1892; but, if said attorney was authorized by him to do so, he has no reason to complain of anything that was then or subsequently done. As presented to us, the record is manifestly incomplete, and not in such a shape as to enable us to properly dispose of the question referred to. There is nothing now before us that would justify a reversal of the proceedings complained of.

Proceedings affirmed and appeal dismissed at appellant's costs, but without prejudice to his right to appeal from the order of March 6, 1893, discharging said rule of October 1, 1892.